———o———

## No. 5920.
## KENILWORTH SUGAR CO. vs. ARTHUR J. NOBLES.
### Syllabus.

No fraud or collusion being charged, an ordinary judgment creditor, claiming no privilege nor other preferential right of payment, and not alleging the insolvency of his debtor, is without right to complain that certain property of his debtor is being seized and taken in satisfaction of the debt of a third person. Under such circumstances the debtor alone can object.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 101,102. Hon. F. D. King, Judge.

Foster, Milling, Brian & Saal, for plaintiff and appel-
lee.

Zengel, Thomas & Sutton and Loomis, Carroll, Hender-
son & Carroll and McCall, for defendant and appellant.

S. Wolf and Dupre & Dupre, attorneys.

His Honor EMILE GODCHAUX, rendered the opinion
and decree of the Court, as follows:

Plaintiff who sued defendant and seized by garnish-
ment a certain fund declared by the garnishee to belong
to the defendant, seeks to have it applied to the payment
of the judgment it obtained.

Carroll, the ordinary judgment creditor of a third
party, the Corbin Motor Car Company, intervened, claim-
ing that the fund seized belongs to the latter, his debtor,
and took a rule upon plaintiff to show cause why the
Sheriff should not be ordered to retain the fund until the
question of its ownership should be established. The rule
was dismissed, and Carroll appeals.

Neither fraud nor collusion on the part of plaintiff, de-
fendant and the Corbin Motor Car Company or any of
them is charged; and consequently, Carroll, an ordinary
judgment creditor, claiming no privilege nor other right
of preferential payment, and not alleging the insolvency
of his debtor, is without right to complain that the lat-
ter's property, if such it be, is being seized and taken
to satisfy the debt of defendant or of any other third
person. Under such circumstances the debtor, the Cor-
bin Motor Car Co., alone can object.

It is accordingly ordered that the judgment be af-
firmed.

Judgment affirmed.

Opinion and decree Jan. 12, 1914.